UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

TONY B. HARRIS,                    )
                                   )
            Plaintiff,             )
                                   )
    v.                             )        CIVIL NO.  3:14cv1914
                                   )
CAROLYN COLVIN, Acting             )
Commissioner of Social Security,   )
                                   )
            Defendant.             )

OPINION AND ORDER

This matter is before the court on a motion for an award of attorneys fees under 42 U.S.C.

§406(b), filed by the Plaintiff, Tony B. Harris, on December 12, 2016.  The defendant

Commissioner filed a response on January 12, 2017, indicating no opposition to the motion.

Discussion

Plaintiff filed claims for Disability Insurance Benefits (DIB – Title II) on December 21,

2010. (Dkt. 12 at 142-48) Plaintiff's claim was denied on March 22, 2011. *Id*. at 83-85. Plaintiff

filed a request for reconsideration on April 18, 2011, *id*. at 89-90, but was denied again on June

2, 2011. *Id*. at 91-97. Plaintiff requested an administrative hearing on July 5, 2011. *Id*. at 98-99.

On July 26, 2012, Plaintiff appeared in Valparaiso, Indiana, for a hearing before  Administrative

Law Judge (ALJ) Edward Studzinski of the Office of Disability Adjudication and Review

(ODAR). *Id*. at 44-80. On November 15, 2012, ALJ Studzinski issued an unfavorable

determination. *Id*. at 23-43. Plaintiff filed a request for review with the Appeals Council, but the

Appeals Council denied the request on July 21, 2014. *Id*. at 1-9.

Plaintiff retained Keller & Keller LLP for representation on August 14, 2014. (Plaintiff's

Exhibit A) Plaintiff agreed that "if any of my claim(s) progress to the U.S. Courts and is then

favorably decided, then my attorney may elect to motion the U.S. Courts to approve a fee of 25 percent of all past due benefits without limitation pursuant to 42 U.S.C. section 406(b) . . . ." *Id.* at 1.

Plaintiff then timely filed this civil action on September 22, 2014. (Dkt. 1) On September 8, 2015, the undersigned  issued an order to reverse and remand the case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 30) On December 8, 2015, Plaintiff's attorney obtained an order for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of $4,416.50. (Dkt. 34) Plaintiff's attorney received this payment. After the claim was reconsidered by the agency, Plaintiff's claim for disability benefits was approved April 12, 2016. (Plaintiff's Exhibit B) Plaintiff has been awarded past-due benefits totaling $62,065.00. (Plaintiff's Exhibit C)

The Social Security Act's provisions governing fees for representation are found in 42 U.S.C. § 406; *see Gisbrecht v Barnhart*, 535 U.S. 789, 794 (2002) (reviewing history of attorney fees under the Social Security Act). Section 406(a) governs fees for representing claimants in the administrative process. 42 U.S.C. § 406(a). Section 406(b) governs attorney fees for successful litigation for benefits under Title II of the Social Security Act such as Disability Insurance Benefits, 42 U.S.C. §§ 416(I), 423, and, pursuant to § 302 of Public Law 108-203, for litigation for benefits under Title XVI of the Social Security Act or Supplemental Security Income, 42 U.S.C. §§ 1382, 1382a. 42 U.S.C. § 406(b).

The court must review all fee requests under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case.

*Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

Plaintiff's attorney contends, and the Commissioner does not dispute, that the requested fee of $15,516.25 is reasonable. This amount reflects a valid contract between Plaintiff and his counsel, the substantial risk associated with this litigation and potential recovery, the results obtained for the Plaintiff, the time Counsel expended on the matter, and the required refund of the fee award previously obtained under EAJA.

As noted, Plaintiff contracted with Plaintiff's attorney to pay 25 percent of past due benefits without limitation if the undersigned represented him before a federal court and obtained a favorable outcome. (Plaintiff's Exhibit A) After this litigation, Plaintiff received as past-due Title II benefits $62,065.00. (Plaintiff's Exhibit C)  Plaintiff's attorney therefore requests that the Court approve an overall award of $15,516.25 or 25 percent of the Plaintiff's past-due benefits. This award is within the statutory maximum of 25 percent of past due benefits and in accordance with what the Plaintiff contracted to pay Counsel.

Also as noted, Counsel obtained an order for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of

3

$4,416.50. (Dkt. 31) This amount was received by Counsel and Counsel states this amount will be refunded upon receipt of the 406(b) award.

Accordingly, as Plaintiff's attorney has followed the terms of his agreement and the EAJA statute, this court will grant the fee petition.

Conclusion

On the basis of the foregoing, Plaintiff's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) [DE 38], in the amount of $15,516.25 is hereby GRANTED.

Entered: February 23, 2017.

s/ William C.  Lee
William C. Lee, Judge
United States District Court